UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
AURELIUS TECHNOLOGIES, INC.,                                         :
:
Plaintiff,                                   :
:                    26-CV-4256 (JMF)
-v-                                          :
:                    ORDER
COLD PLANET TECHNOLOGIES, INC. et al.,                               :
:
Defendants.                                  :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 21, 2026, Plaintiff filed a Complaint in which it invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See* ECF No. 1, ¶ 9.  Although Plaintiff states that there is diversity of citizenship, it merely alleges Defendant Berlin's state of residence, not his state of citizenship.  *Id.* ¶ 8.  This is not enough.  *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)).  For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").  Moreover, while Plaintiff provides its principal place of business, *see* ECF No. 1, ¶ 5, it does not allege its state of incorporation.  *See* 28 U.S.C. § 1332(c); *Prime Prop. & Cas. Ins., Inc. v. Cardenas*, No. 23-CV-935 (JMF), 2023 WL 1797268, at *1 (S.D.N.Y. Feb. 7, 2023) ("It is well established that to plead the citizenship of a corporation, a plaintiff must allege the corporation's state or country of incorporation and principal place of business.").

Accordingly, no later than **June 2, 2026**, Plaintiff shall file an amended complaint properly alleging the *citizenship* of each party to this action.  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: May 26, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge